Hill v. United States is next in line. Mr. Tice. Good morning once again. Bill Tice for Mr. Hill. May it please the Court, the predicate offense that's in question here is Illinois attempt. The elements of that Illinois crime do not have force as a constituent part and for that reason Mr. Hill's prior Illinois conviction should not count under ACCA. Now, you know, I'm realistic enough to know that the label attempt murder is pretty shocking and it sounds like it's something that would be violent and maybe in a conversation among laypersons we could talk about that. Counsel, I have a question whether any of this is before us. This is here on a second or successive petition which we authorized to make an argument under Samuel Johnson, the 2015 case that held the residual clause on the Constitution. But you're not now making an argument under Samuel Johnson. You're making an argument under Curtis Johnson, the 2010 case, and I don't see how that's properly before us. It's under both Johnson cases, Your Honor. I mean, without the later Johnson case we couldn't be here and it's because of both of those cases that we're here. We held in Stanley against the United States, a case that's not mentioned in the party's briefs, that an authorization to make an argument under Samuel Johnson does not imply authorization to make an argument under Curtis Johnson because Curtis Johnson was decided in 2010 and the year available to try to apply that on collateral review has long gone. That there is no principle we held in Stanley that Samuel Johnson reopens all questions about the elements clause of the Armed Career Criminal Act. So why is there anything properly before us given our holding in Stanley? Because with the more recent Johnson case, and I constantly have this problem, the more recent one is Samuel? Stanley. No. Oh, are you saying Samuel Johnson? That's the 2015 case. That's the 2015 case. That's the case that provides the basis for bringing the case. I understand that. Mr. Stanley made the argument you're making now and we rejected it. Unless we overrule Stanley, why is there anything properly before us now? I'm not sure that Stanley actually holds that, but if you're telling me that it did, then our argument would be that Stanley should not apply. Well, if you want to make that argument, you can't just ignore Stanley in your briefs, which you do. Your brief just assumes that any petition nominally relying on Samuel Johnson can make any argument about the Armed Career Criminal Act. Now, Stanley says no. If you disagree with that and you want us to overrule Stanley, you raise that in your briefs. Well, of course, in an adversary system, since the government did not say anything about Stanley, it's a little bit hard to say that we've totally overlooked Stanley or that Stanley should govern. But the government is not urging Stanley as a basis to avoid this important issue. And as far as the issue itself, I hope the court would be interested in a little argument on that. The government seems to make a lot out of the concurrence by Judge Hamilton and Morris where he – I wouldn't even say he takes the position, but he advances the position for consideration that if the object of an attempt is itself a violent felony, then the attempt has to also be a violent felony. And as you know from looking at the briefs, the Illinois case law on the elements of murder is very expansive, which is great for Illinois state prosecutors because they get to convict people of all sorts of murder cases. But the problem is that the net is cast so widely that it doesn't really meet the test of force under Illinois law. And more to Judge Hamilton's point or Judge Hamilton's question about the use of attempt, he seemed to be kind of concerned that Congress could not have meant for all these horrible crimes to go unpunished under ACCA. But one thing that was not considered in that opinion, and I think you should consider it, is that ACCA of course had the residual clause. And the residual clause was great for bringing in attempted felonies. And this court did that a lot in burglary cases. The Supreme Court did it in James. But now of course the problem is the Supreme Court has overruled James. So it doesn't show that a decision for Mr. Hill is the end of the world. It just shows that times have changed. And if Congress wants to make a fix, there's a pretty obvious fix. And the supplemental authority I presented to the court recently illustrates how easy the fix is. You define what are the crimes of violence, and at the very end you throw in a provision that says, in any attempt or conspiracy to commit these enumerated crimes or specified crimes is itself a crime of violence. I noticed that the government has made a comment that it has some procedural arguments. They're not along the lines of Stanley. But in the district court, the government noted that it had procedural arguments and said, we're not going to bother with those. We want to go to the merits. The only sort of non-procedural argument that they had advanced was retroactivity. And once again, time marched on and left that argument behind. So they didn't raise any procedural arguments. They certainly didn't raise Stanley in the district court. And they really, under the Ryan case, should not be raising them now. Unless there are any further questions, I'll reserve the rest of the time. Thank you, counsel. Ms. Bonomi. May I please the court? Good morning. I want to address the procedural arguments first. Your Honor, it's correct that we did not, and we should have, raised the question of the scope of the authorization provided by this court. We did not raise the Stanley issue here specifically because You certainly didn't raise Stanley here, so that's a forfeiture. What Mr. Tice said just before he sat down suggests that in the district court you waived any procedural defense. And we can look through a forfeiture, but we cannot look through a waiver. So what happened in the district court? I would not agree with that characterization necessarily. Even the quotation that Mr. Tice puts in his reply brief, I think, is overread to suggest a waiver. What we did say to the district court was that the court did not need to reach the issue because we had these good arguments that would resolve it first, that it might be easier to address it on that point. So that, in my judgment, that's not a waiver. That's not even a forfeiture. We just directed the district court to what we thought in the district court, the AUSA thought was the easier way to resolve the problem. I do want to acknowledge that the Stanley argument, which we've made in many, many cases, and pretty persuasively, or pretty consistently, is not made here because that specific case and that specific argument was not made below. And so we felt that it was inappropriate to raise it here. I'm not sure that that's correct as I listen to it. But in any event, what we did not consider, and I think that we should have, is whether a separate argument could be made based on the scope of your authorization here. And I think it could have been made, and we did not make it. That was a forfeiture, not a waiver, which you could overlook. And, you know, that's obviously, in this case, I would say that's obviously the easiest way to resolve a case. And so you would not have to reach all the other issues. Well, I'm not so sure about that. I mean, the government basically invited the district court to decide the merits, mentioned that there are procedural issues, but, you know, we're not relying on those. Let's get a merits decision on this issue. I don't want to say that I have the language memorized, but I don't believe that we said we're not relying on those. I think what we said was you don't need to reach those. And perhaps maybe that means the same thing to your honors. It does not mean the same thing to me. I don't think that was what was intended to be conveyed by that language. If I had said those words, that would not have been what I would need to convey. But, you know, it is absolutely true and clear that the government did not present a full-blown procedural default and, you know, untimeliness and all of that, all those arguments that we often do present in a full-blown fashion. It was not done and below, and the government acknowledges that. And that's the reason why it's not done in that way and on appeal. With respect to Mr. Tice's substantive argument, to go on to that, the government, I mean, disagrees basically with every single point that's being made. And the first one is that it is not, in the government's view, is not a question of an emotional reaction or a shock value that we argue and that many courts have held that attempted murder is, in fact, a crime of violence. The fact is that the statute requires specifically that a person, in order to commit an offense, the statute requires that the person intend to commit the particular offense which you're charged with committing or charged with attempting to commit and that you do an act that is a substantial step toward the commission of that offense. In this case, the offense that was intended to be committed was first-degree murder. And that statute requires that proof that a person kills an individual without lawful justification and does so if, in performing acts which cause the death, he either intends to kill or do great bodily harm to that individual or another or knows that such acts will cause death to that individual or another. That's the provision specifically that this defendant was convicted of attempting to commit. That is a language that was used in the charging information. And so what you have here is a person needing to, number one, intend to commit a crime that clearly involves the use of force because to kill a person does involve an act that was capable of causing bodily harm or injury to another person and takes a substantial act toward that. And the statute that we're dealing with, the ACCA, includes attempted use of force. Those two things in combination, we think quite plainly, indicate that Illinois attempted first-degree murder does constitute a crime of violence or a violent felony under the ACCA. And if the court reaches the merits, the government would ask that the court find that for the reasons I've just stated and for the other reasons provided in the government's brief. If there are no further questions, the government just requests that the court affirm. Thank you. Certainly, counsel. Mr. Tives, anything further? On the issue of waiver in the district court, the government filed a pleading, entry number six, and at page six of that they stated, as discussed below, Hill is entitled to no relief because Johnson is not retroactively available in guidelines cases and because his claim is procedurally barred. However, this court need not reach those issues. As Ms. Bonamici said, it's up to you to decide what to make of that language, but that's the language that I provided for your ready reference. The main theme of the government's argument is that if you intend to do a violent act, then you have satisfied the provisions of ACCA, but ACCA does not put it that way. It asks, what are the elements of the offense? And the elements of Illinois attempt say nothing about intending to do a violent act. It just talks about the basic elements. And the problem with the Illinois statute, at least for ACCA purposes, is it covers the entire Illinois criminal code, lots of crimes, some that have no relationship to violence at all, and you just can't shoehorn that definition into the ACCA definition. Thank you. Thank you very much, counsel. Case is taken under advisement.